

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 15, 2026

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *United States v. Richard Kim*, 25 Cr. 359 (LGS)

Dear Judge Schofield:

The application regarding motion in limine page limits is **GRANTED**. Each party may file one memorandum up to twenty pages in support of or in opposition to the Government's anticipated motion regarding Defendant's intent to introduce evidence regarding a mental condition. The other applications in this letter will be addressed by separate Order.

Dated: May 18, 2026
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Government respectfully writes to request that the Court (1) briefly adjourn the trial date by one week, (2) set and adjourn certain deadlines in advance of trial, (3) grant the parties leave to file excess pages in briefing a particular motion in *limine*; and (4) extend any deadline for the Government's filing of a motion for examination of the defendant pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B) due to the defendant's untimely notice of his intention to advance a defense of mental defect.

*First*, because the parties anticipate an approximately one- or two-week trial—which is currently scheduled for June 29, 2026—the parties respectfully request that the Court grant a one-week adjournment of trial, until July 6, 2026, in order to minimize potential disruption by the Independence Day holiday and to facilitate jury selection and witness availability.

*Second*, subject to the Court's availability, the parties further propose that the Court:

- Correspondingly adjourn the final pre-trial conference, currently scheduled for June 15, 2026, by approximately one week;

- Set a deadline for the disclosure of both parties' exhibits for two weeks in advance of trial;

- Set deadlines for disclosure of any unproduced Rule 17(c) returns and affirmative defenses for one week in advance of the final pre-trial conference;

- Set a deadline for the disclosure of Government 3500 material and defense Rule 26.2 material for two weeks in advance of trial;

- Set a deadline for the parties' exchange of witness lists for two weeks in advance of trial; and

- Set a deadline for *Daubert* motions of May 26, 2026, with one week for oppositions.

Should the Court reschedule the date of the final pre-trial conference, the Government requests that the time between June 15, 2026, and the re-scheduled date be excluded pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Government respectfully submits that the ends of justice served by granting the proposed exclusion outweigh the best interests of the public and the defendant in a speedy trial, as the proposed exclusion will allow the parties to prepare for trial.

*Third*, in advance of the May 18, 2026 motions *in limine* deadline, the Government requests that the Court permit the Government to submit a brief in support of one of its motions of no more than 20 pages, and to provide the defendant the same page limit for its opposition. Because the Government recently received untimely notice, pursuant to Rule 12.2, of the defendant's intent to introduce evidence of mental defect, (Dkt. 34), the Government seeks leave for additional pages in order to appropriately brief both the "good cause" standard for untimely disclosures as required by the rule, as well as the purported relevance and admissibility of the psychiatric testimony the defendant proposes. The Government also expects to also file a *Daubert* motion regarding the defendant's proposed expert testimony.

*Finally*, the Government requests that the Court adjourn *sine die* its deadlines to file any motion for a Rule 12.2 mental examination, pending resolution of the threshold question of whether the defendant's untimely notice of intent to introduce evidence of mental defect should result in the preclusion of the defense, or if the defense is otherwise inadmissible. The defendant's notice was served well outside the time limits prescribed by Rule 12.2(a), and such untimeliness warrants preclusion outright. Should the Court decline to preclude the evidence, however, the Government will require a mental examination of the defendant pursuant to Rule 12.2(c) before it can meaningfully respond to any expert opinion the defense intends to offer. The defense's belated notice has the effect of unfairly surprising the Government on the eve of trial and, if permitted, of forcing a delay of proceedings. Neither is appropriate, nor should redound to the defendant's benefit. To the extent the Court permits the defense to proceed notwithstanding its untimely disclosure, to avoid unfairly prejudicing the Government, the Government's responsive deadline should be held in abeyance until the Court has established a schedule that allows for adequate examination. Should the Court wish to schedule a status conference to address the foregoing matters, the parties are available at the Court's convenience the week of May 18, 2026.

Page 3

Defense counsel consents to the first three of the applications herein.  The Government thanks the Court for its consideration of these requests.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: /s/_____
Michael DiBattista
Special Assistant United States Attorney
Ryan T. Nees
Assistant United States Attorney
(212) 637-1029 / -1595

Cc:    Kristoff Williams, Esq.
       Tamara Giwa, Esq.