UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>RICHARD KIM,<br>Defendant. | 25 Crim. 359 (LGS)<br><br>**ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Government moves to compel Defendant to (1) produce material relating to his anticipated mental defect defense and (2) amend the expert disclosure of John J. Mariani, M.D. For the reasons below, the Government's motions are granted in part and denied in part.

**Motion to Compel Production**

WHEREAS, as relevant here, Rule 16[1] requires a defendant to produce (1) material that the defendant intends to use in his case-in-chief at trial and (2) the reports of any physical or mental examination if the defendant intends to use the report in his case-in-chief at trial or intends to call the witness who prepared the report and the report relates to the witness's testimony. Fed. R. Crim. P. 16(b)(1)(A)-(B). The Government seeks (i) "records of Dr. Mariani's interviews with" Defendant; (ii) Defendant's "complete treatment records from the Columbia University Gambling Disorder Clinic"; (iii) "records reviewed by Dr. Mariani which were produced by the Government in discovery"; (iv) "records of any other physical or mental examination" of Defendant in Defendant's "possession, custody, or control" and (v) records related to the results of a prior evaluation of Defendant by a clinical social worker.

WHEREAS, for the first category -- records of Dr. Mariani's interviews with Defendant --

[1] Unless otherwise indicated, all references to "Rules" are to the Federal Rules of Criminal Procedure.

the Government's request is denied because Defendant represents that he does not intend to introduce any such records in his case-in-chief at trial and that Dr. Mariani did not prepare a written report in connection with his interview and examination of Defendant. For the second and third categories -- treatment records from the Columbia University Gambling Disorder Clinic and discovery material reviewed by Dr. Mariani -- the Government's request is moot because Defendant has agreed to produce such material. For the fourth and fifth categories -- prior evaluations of Defendant -- the Government's request is denied because Dr. Mariani did not rely on any such evaluations, Defendant does not intend to introduce any such evaluations at trial and Defendant does not intend to call the author of any such evaluations as a witness at trial.

**Motion to Compel Amended Expert Disclosure**

WHEREAS, Rule 16(b)(1)(C) requires a defendant intending to use an expert witness during his case-in-chief at trial to serve a disclosure including, as relevant here, "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). The Rule was amended in 2022 to address "shortcomings" of "the prior practice of merely providing a[n adversary] with a brief summary of a [party's] expert's opinions."[2] *United States v. Mrabet*, 703 F. Supp. 3d 442, 443-44 (S.D.N.Y. 2023). "A statement of an opinion's bases and reasons cannot merely be the *ipse dixit* of the expert from experience." *United States v. Kwok*, No. 23 Crim. 118, 2024 WL 1773143, at *1 (S.D.N.Y. Apr. 24, 2024). "When faced with insufficient disclosures, a court has broad discretion to determine what remedial action, if any, is appropriate." *United States v. Malvasio*, No. 23 Crim. 396, 2026 WL 1329849, at *1 (S.D.N.Y. May 13, 2026).

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

WHEREAS, Defendant's expert disclosure states that Dr. Mariani will testify regarding:

- "[W]hat gambling disorder is, the similarities between gambling disorder and substance-use addiction, and the fact that gambling disorder has been classified as an addictive disorder in the Diagnostic and Statistical Manual of Mental Disorders-5 ('DSM-5')";

- Dr. Mariani's opinion that Defendant meets the criteria for gambling disorder under the DSM-5;

- "[T]he prevalence of gambling disorder amongst adults in the United States; the risk factors associated with gambling disorder, including family history of gambling; and the core phenotypes of individuals with gambling disorder, such as poor decision making, lack of impulse control, and cognitive distortions";

- Dr. Mariani's opinions that "before and during the time period alleged in the indictment, Mr. Kim exhibited the signs of an individual with gambling disorder, and that this mental condition affected his purported specific intent to defraud, as alleged in the indictment" and

- Dr. Mariani's opinion "that Mr. Kim's partial disclosure to investors and the S.E.C. after-the-fact can be explained as a psychological defense mechanism employed by someone with gambling disorder, as opposed to a conscious aim to deceive."

The expert disclosure states that these opinions are based on Dr. Mariani's "interviews of Mr. Kim; his review of Mr. Kim's treatment records from the Columbia University Gambling Disorder Clinic; his review of materials provided by the government in discovery; and his clinical training, experience, education, research, and review of scientific literature."

WHEREAS, Defendant's expert disclosure does not sufficiently state "the bases and reasons" for certain of Dr. Mariani's opinions as required under Rule 16. Specifically, the expert disclosure does not explain the bases for Dr. Mariani's opinions that (1) Defendant's "mental condition" during the relevant period "affected his purported specific intent to defraud" or (2) that Defendant's after-the-fact partial disclosures "can be explained as a psychological defense mechanism employed by someone with gambling disorder, as opposed to a conscious aim to deceive." Although the expert disclosure states that individuals with gambling disorder may experience "poor decision making, lack of impulse control, and cognitive distortions," the expert

disclosure does not specifically tie any of these attributes to Defendant's alleged conduct. Nor does the expert disclosure explain what methodology Dr. Mariani applied to determine that Defendant did or may lack specific intent to defraud or make a partial disclosure as a defense mechanism. Without such explanation of as to "how the experts came to their conclusions and what methodologies or evidence substantiate those conclusions," the notice is insufficient under Rule 16 and additionally "fails to provide the Court with enough information to conduct a 'rigorous examination' of the expert['s] methodology." *Kwok*, 2024 WL 1773143, at *3 (first quoting *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008); and then quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002)).

WHEREAS, contrary to the Government's argument, the expert disclosure is sufficient as to Dr. Mariani's opinion that Defendant meets the criteria for gambling disorder. The disclosure identifies the methodology that Dr. Mariani applies (the DSM-5 criteria). The disclosure also identifies the "bases and reasons" for this opinion, including Dr. Mariani's interviews of Defendant and review of Defendant's treatment records. Further, Defendant has agreed to produce the materials upon which Dr. Mariani relied to the Government, and the Government's expert will have up to sixteen hours to examine and interview Defendant, both of which lessen any potential prejudice to the Government.

WHEREAS, the appropriate remedy for Defendant's deficient disclosure is to order Defendant to supplement the disclosure by August 19, 2026, and not a more drastic remedy such as exclusion. The Government expressly requests that Defendant be ordered to supplement his Rule 16 disclosure. Allowing a prompt supplemental disclosure would not prejudice the Government -- the Government's deadline to conduct a mental examination is November 1, 2026, which will allow the Government's rebuttal expert time to review the supplemental disclosure

well in advance of the examination. *See United States v. Smith*, 811 F. Supp. 3d 523, 545 (S.D.N.Y. 2025) (allowing supplemental disclosure instead of excluding expert opinion when "trial is still some three months away"). Additionally, as set forth below, the Government will be provided an opportunity to supplement its fully briefed motion to exclude the testimony of Dr. Mariani under Federal Rule of Evidence 702 ("Rule 702 Motion") to address any new material included in the supplemental disclosure. It is hereby

**ORDERED** that the Government's motion to compel Defendant to produce additional discovery material is **DENIED**. It is further

**ORDERED** that the Government's motion to compel Defendant to serve a revised expert disclosure is **GRANTED** in part and **DENIED** in part. By **August 20, 2026**, Defendant shall supplement the expert disclosure for Dr. Mariani consistent with this Order and Rule 16(b)(1)(C). By **September 3, 2026**, the Government shall file any supplement to its Rule 702 Motion, not to exceed five pages. By **September 10, 2026**, Defendant shall file any response to the Government's supplement, also not to exceed five pages.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 59.

Dated: July 30, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**